# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
HOWARD TULLOCH and
VALERY TULLOCH,

     Plaintiffs,
                                        CV 2:24-140
v.

NICHOLAS BURIST; JOE MOHOLLAND,
INC. d/b/a Joe Moholland
Moving; and LOCKE RELOCATIONS
LLC,

     Defendants.
```

## ORDER

Before the Court is Plaintiffs Howard and Valery Tulloch's motion to remand, dkt. no. 9, wherein they argue the removal of this case by Defendants Nicholas Burist, Joe Moholland, Inc., and Locke Relocations LLC was improper. Defendants have responded in opposition, dkt. no. 10, and the motion is ripe for review.

### BACKGROUND

This case arises from a motor vehicle accident on Interstate 95 in Camden County, Georgia, on July 1, 2022. Dkt. No. 1-1 ¶¶ 8, 9. In the complaint,[1] Plaintiffs allege Defendant Burist "was

---

[1] "When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." Gulf-to-Bay Anesthesiology Assocs., LLC v. UnitedHealthcare of Fla., Inc., No. 8:18-CV-233-EAK-AAS, 2018 WL 3640405, at *1 n.1 (M.D. Fla. July 20, 2018) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1163–64 (5th Cir. 1988)).

operating a tractor trailer . . . traveling southbond, in the center lane, on Interstate 95, when he . . . cause[d] it to collide with the left side of Plaintiffs' vehicle." Id. ¶ 9.

On December 11, 2023, in Camden County Superior Court, id. at 1, Plaintiffs filed a complaint against the driver of the tractor trailer, Mr. Burist, id. ¶ 3, as well as Burist's alleged employers, Joe Moholland, Inc., and Locke Relocations LLC, id. ¶¶ 14, 25. Plaintiffs allege state-law claims of negligence (Counts I, II, IV, VI, VII & IX), vicarious liability and negligent hiring, retention, training and supervision (Counts III, V, VIII & X). Id. at 2-15. Plaintiff Howard Tulloch alleges he "has suffered significant injuries, medical expenses, and damages," including "emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, . . . injuries to [his] body and nervous system," and "an inability to lead a normal life." See, e.g., id. ¶ 12. Plaintiff Valery Tulloch alleges she "has suffered significant injuries, medical expenses, and damages," including "emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, . . . injuries to [her] body and nervous system," and "an inability to lead a normal life." See, e.g., id. ¶ 40. Notably, Plaintiffs do not expressly assert the sum in controversy. See, e.g., id. ¶ 12 (Plaintiff Howard Tulloch "has incurred in excess of $25,000.00 in past medical expenses"); id.

2

¶ 40 (Plaintiff Valery Tulloch "has incurred in excess of $25,000.00 in past medical expenses"). Instead, they seek "general damages from Defendants, as the jury deems is liable to Plaintiffs, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiffs for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future," and "special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial." Id. at 16.

On December 10, 2024, one day shy of one year since the lawsuit was filed, Defendants removed the case to this Court on the basis of diversity jurisdiction. Dkt. No. 1. In their notice of removal, Defendants assert there is complete diversity between Plaintiffs and Defendants and the amount in controversy requirement is met. Id. at 3-10. Plaintiffs have filed a motion to remand, arguing this case was improperly removed to this Court. Dkt. No. 9. "Plaintiffs do not contest that diversity of citizenship exists between the parties for purposes of federal jurisdiction." Id. at 2. Instead, Plaintiffs argue that Defendants have "failed to satisfy that the requisite amount in controversy is greater than $75,000.00." Id. at 3. Plaintiffs further argue that, even if Defendants have established the amount in controversy requirement, they failed to timely remove the case. Id. at 12.

3

**LEGAL AUTHORITY**

Federal courts are courts of limited jurisdiction and may only hear cases that they have been authorized to hear by the Constitution or by Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). A federal district court is authorized to assert its jurisdiction, however, when citizens of different states are involved and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Therefore, where the parties are diverse and the amount in controversy prerequisite is sufficient, a defendant has a right, granted by statute, to remove an action from state court and avail itself of the federal court system. 28 U.S.C. § 1441; Burns, 31 F.3d at 1095.

The removing defendant, however, bears the burden of proving the existence of federal jurisdiction, Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996), and, because the jurisdiction of federal courts is limited, the Eleventh Circuit Court of Appeals favors remand of cases that have been removed where federal jurisdiction is not absolutely clear, Burns, 31 F.3d at 1095. In fact, removal statutes are to be strictly construed, with all doubts resolved in favor of remand. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir.1996), cert. denied, 520 U.S. 1162

(1997); Burns, 31 F.3d at 1095; see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

Normally, a plaintiff is "the master of his or her own claim; if the plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy." Burns, 31 F.3d at 1095 (citations omitted). Accordingly, where a plaintiff specifically claims less than the federal jurisdictional prerequisite in state court, a defendant may only establish removal jurisdiction by showing to a "legal certainty" that the plaintiff would not recover less than the federal jurisdictional amount if the plaintiff prevailed. Tapscott, 77 F.3d at 1356; Burns, 31 F.3d at 1094.

Where, as here, there is an unspecified claim for damages, however, a removing defendant need not meet the strict "legal certainty" standard articulated above. Instead, a removing defendant need only show "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." Tapscott, 77 F.3d at 1357; see also 28 U.S.C. § 1332(a). This lower burden of proof "is warranted because there is simply no estimate of damages to which a court may defer." Tapscott, 77 F.3d at 1357.

Removal must be timely. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 756 (11th Cir. 2010). Civil actions that are removable upon commencement of the action require a notice of

5

removal "to be filed within 30 days after the receipt of . . . a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). For civil actions that were not removable, or could not have been determined to be removable until later in the proceeding, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## DISCUSSION

As a threshold matter, the Court finds, and the parties agree, diversity of citizenship exists between Plaintiffs and Defendants. Therefore, the issues before the Court are whether Defendants have met their burden to show, by a preponderance of the evidence, that the amount in controversy requirement is met as to each Plaintiff, see Beavers v. A.O. Smith Elec. Prods. Co., 265 F. App'x 772, 779 (11th Cir. 2008) (stating that, for purposes of diversity jurisdiction, the amount in controversy requirement must be met for each plaintiff (citing Smith v. GTE Corp., 236 F.3d 1292, 1300 n.6 (11th Cir. 2001))), and, if so, whether the removal was timely, Pretka, 608 F.3d at 756-57.

"The amount in controversy is measured 'on the date on which the court's diversity jurisdiction is first invoked, in this case on the date of removal.'" Creswell v. Transport Risk Solutions

Risk Retention Grp., No. 1:19-cv-4632, 2020 WL 13526729, at *2 (N.D. Ga. July 16, 2020) (quoting Burt Co. v. Clarendon Nat'l Ins. Co., 385 F. App'x 892, 894 (11th Cir. 2010)). "In a notice of removal, the removing party need only provide 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" Id. (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. § 1446(a))). "However, when a non-removing party contests the amount in controversy, the removing party must show that the amount in controversy is met by a preponderance of the evidence." Id. (citing Owens, 574 U.S. at 89 (citing 28 U.S.C. § 1446(c)(2)(B))). "'In such a case, both sides submit proof, and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Id. (quoting Owens, 574 U.S. at 88). "The court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiff, non-sworn letters submitted to the court, or other summary judgment-type evidence." Id. (citing Sutherland v. Glob. Equip. Co., 789 F. App'x 156, 162 (11th Cir. 2019)).

"Further, 'Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable.'" Id. (quoting Clark v. LG Elecs. U.S.A., Inc., No. 1:18-CV-5574-ODE, 2019 WL

7

5686703, at *2 (N.D. Ga. Apr. 11, 2019) (quoting Roe v. Michelin N.A., Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010))). "'[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.'" Id. (quoting Roe, 613 F.3d at 1062).

Defendants contend, and Plaintiffs agree, that the complaint fails to show the amount in controversy requirement is met. See Dkt. No. 10 at 4-5; Dkt. No. 9 at 7 (Plaintiffs stating "[t]here is nothing in the Complaint . . . proving . . . the amount in controversy exceeds $75,000"). Rather, Plaintiffs simply argue that Defendants, as the removing party, have not *met their burden* to show the amount in controversy for each Plaintiff is at least $75,000. Dkt. No. 9 at 6-12. Further, Plaintiffs contend Defendants have waited too long to remove the case. Id. at 12. Defendants argue that they had no reason to believe the amount in controversy requirement was met until receipt of Plaintiffs' long overdue November 11 and 12, 2024, discovery responses. Dkt. No. 10 at 3 (citing 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." (emphasis added))); see also Webster v. Dow United Techs. Composite Prods.,

8

Inc., 925 F. Supp. 727, 729 (M.D. Ala. 1996) ("[I]nterrogatory answers have generally been recognized as 'other papers' sufficient to trigger the running of the thirty day period."). The court turns to Plaintiffs' written discovery responses.

## I.  Plaintiff Valery Tulloch

Attached to Defendants' notice of removal are Valery Tulloch's responses to Defendants' interrogatories. Dkt. No. 1-5 at 67-119. In her responses, Ms. Tulloch has itemized $68,755.03 in medical bills alone, with two claimed providers un-itemized at this time. Id. at 68-70, 100-02, 114-16. Ms. Tulloch claims her medical treatment is ongoing. Id. at 70, 102, 116. She asserts her pain and suffering is ongoing and her injuries are permanent:

> I am not a medical doctor; therefore, I will defer to my treating physicians for specific diagnosis; however, to the best of my knowledge and recollection, I suffered and still suffer injuries to my body generally, including the following injuries: bodyaches and pain over my entire body, headaches, lower back pain, upper back pain, shoulder pain, neck pain, pain in both eyes, pain in both legs, ruptured ligaments in left ankle, re-injury of my ankle, whiplash, swelling in both feet, off balance, swelling in both hands, short term memory loss, occasional ringing in both ears, fatigue, dizziness, PTSD, and [] high blood pressure and insomnia were worsened. I consider my injuries permanent.

Id. at 68. Additionally, when asked whether she missed any time from work because of the subject accident, she responded, "Yes, however, these amounts are still being determined/calculated." Id. at 70, 71.

Based on the above, and coupled with its own experience and common sense, the Court finds Defendants have easily shown, by a preponderance of the evidence, that Plaintiff Valery Tulloch's amount in controversy exceeds $75,000.

**II.   Plaintiff Howard Tulloch**

Also attached to Defendants' notice of removal are Howard Tulloch's responses to Defendants' interrogatories. Dkt. No. 1-5 at 11-59. In his responses, Mr. Tulloch has itemized $48,458.83 in medical expenses, which do not include an "undetermined" amount in medications. Id. at 12-13, 42-43, 55-56. Mr. Tulloch claims his medical treatment is ongoing. Id. at 13, 43, 56. He asserts his pain and suffering is ongoing and his injuries are permanent:

> I am not a medical doctor; therefore, I will defer to my treating physicians for specific diagnosis; however, to the best of my knowledge and recollection, I suffered and still suffer injuries to my body generally, including the following injuries: hip pain, right shoulder pain, lower back pain, neck pain, ringing in my ears, headaches, and anxiety. I consider my injuries to be permanent.

Id. at 12, 44, 55.

Defendants also contend Mr. Tulloch is "going to make a 'significant' lost wage claim." Dkt. No. 10 at 9. Though Mr. Tulloch's interrogatory responses indicate he has not worked in the last fifteen years, dkt. no. 1-5 at 31, Defendants have presented evidence to the contrary in the form of a current

business registration for Tulloch Transports, LLC, which lists Mr. Tulloch as the current manager.  Dkt. Nos. 10-1.[2]

The Court steps back at this point to note that Plaintiffs have not denied that the amount in controversy for each Plaintiff exceeds $75,000.  See Dkt. Nos. 1-1, 9.  "[S]uch a refusal [to disavow] cannot—standing alone—establish the jurisdictional minimum."  Ward v. Aramark Uniform & Career Apparel, Inc., No. 21-CV-60792, 2021 WL 2153301, at *3 (S.D. Fla. 2021) (noting that "a plaintiff's refusal to admit that she is not seeking damages in excess of $75,000 cannot defeat jurisdiction" but "can be considered alongside other evidence").  But the refusal to admit is not alone in this case. Mr. Tulloch has $48,458.83 in itemized medical expenses, which he admits does not include medications. He alleges pain and suffering in multiple parts of his body. Indeed, in his response to Defendants' interrogatories, Mr. Tulloch states he "had hip surgery on both of [his] hips before this crash," and the "crash has re-injured [his] hips." Dkt. No. 1-5 at 20.  He also alleges his injuries are permanent.  Mr. Tulloch's allegations in the complaint and his answers to interrogatories—even without a speculative lost wages claim—prove, beyond a preponderance of the evidence, that his amount in controversy is at least $75,000.  Additionally, although not

---

[2] Defendants also attach Articles of Organization for Tulloch Transports, LLC, which reflect Mr. Tulloch organized the entity effective June 4, 2015.  Dkt. No. 10-2.

dispositive, Plaintiffs' refusal to acknowledge the amount of damages they seek also provides evidence in favor of the Court's conclusion that the amount in controversy has been satisfied.

### III. Thirty-Day Time Limit

Plaintiffs argue that, even if Defendants have established the amount in controversy exceeds $75,000 for each Plaintiff, Defendants failed to timely remove the case. Dkt. No. 9 at 12.

The statute that governs procedure for removal of civil actions, 28 U.S.C. § 1446, provides: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." "[I]nterrogatory answers have generally been recognized as 'other papers' sufficient to trigger the running of the thirty day period." Webster, 925 F. Supp. at 729.

Defendants contend the discovery responses received November 11 and 12, 2024 are their basis for the amount in controversy. Dkt. No. 1 at 6-9; Dkt. No. 10 at 3. Therefore, they argue, their December 10, 2024 removal was timely. Dkt. No. 1. In response, Plaintiffs argue "Defendants were well aware of the injuries and claims made by the Plaintiffs well before they provided discovery responses on November 11, 2024. All Defendants received presuit

demands outlining the nature and extent of injuries claimed by Plaintiffs, and, in fact, all parties attended a global mediation conference where the extent of injuries and damages were disclosed, well before suit was filed." Dkt. No. 9 at 13. Plaintiffs' arguments are not persuasive. First, Defendants contend they are "not in receipt of the purported pre-suit demand and did not participate in any such conference." Dkt. No. 10 at 10. Plaintiffs filed no reply and therefore do not rebut Defendants' contention. Second, if Plaintiffs did make a pre-suit demand, they do not disclose the amount demanded. See Dkt. No. 9.

Without a pre-suit demand or mediation, Defendants had no way of knowing the amount in controversy *until* receiving Plaintiffs' discovery responses. After all, the parties agree that the complaint alone is insufficient to establish the amount in controversy. Dkt. No. 9 at 7; Dkt. No. 10 at 4-5. And though Defendants served written discovery requests on Plaintiffs in January and February 2024, Plaintiffs failed to respond to them in a timely manner. Dkt. No. 1-5 at 273, 281, 291, 300-26, 346-83, 410-35. Defendants then filed motions to dismiss or, in the alternative, compel discovery. Id. at 327, 341, 403. Plaintiffs failed to respond to the motions, and the state court scheduled a hearing. Id. at 456. Only then did Plaintiffs serve their discovery responses on November 11 and 12, 2024. Id. at 11-59, 67-119. Accordingly, the Court finds that Defendants' removal of

13

this case was timely. Having found that the amount in controversy requirement is met as to each Plaintiff, diversity of citizenship is present, and removal was timely, the Court finds this case was properly removed to this Court. Therefore, Plaintiffs' motion to remand, dkt. no. 9, is **DENIED**.

### IV. Plaintiffs' Motion for Attorney Fees

In their motion to remand, Plaintiffs argue that an award of attorney's fees is appropriate because Defendants lacked an objectively reasonable basis for seeking removal. Dkt. No. 9 at 13-14. Because the Court has found removal was proper, Plaintiffs' motion for attorney's fees is **DENIED**.

### CONCLUSION

Defendants have shown by a preponderance of the evidence that the amount-in-controversy requirement for diversity jurisdiction is met for both Plaintiff Valery Tulloch and Plaintiff Howard Tulloch. Further, the parties agree that diversity of citizenship between the parties is present. Thus, both requirements for diversity jurisdiction have been met. Further, Defendants timely removed this case. Accordingly, Plaintiffs' motion to remand, dkt. no. 9, is **DENIED**. Plaintiffs' motion for attorney's fees, id., is also **DENIED**.

**SO ORDERED,** this 5th day of March, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA